NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 30 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ISAAC JUDE RODRIGUEZ,<br><br>      Plaintiff-Appellant,<br><br>v.<br><br>CHARLES L. RYAN, Director; et al.,<br><br>      Defendants-Appellees. | No. 22-15085<br><br>D.C. No. 2:19-cv-00922-DWL<br><br>MEMORANDUM<sup>*</sup> |

Appeal from the United States District Court
for the District of Arizona
Dominic Lanza, District Judge, Presiding

Submitted April 22, 2024<sup>**</sup>

Before:    CALLAHAN, LEE, and FORREST, Circuit Judges.

Arizona state prisoner Isaac Jude Rodriguez appeals pro se from the district

court's summary judgment for failure to exhaust administrative remedies in his 42

U.S.C. § 1983 action alleging Eighth Amendment violations. We have jurisdiction

under 28 U.S.C. § 1291. We review de novo. *Williams v. Paramo*, 775 F.3d 1182,

---

      * This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

      ** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1191 (9th Cir. 2015). We affirm.

The district court properly granted summary judgment because Rodriguez failed to exhaust his administrative remedies and failed to raise a genuine dispute of material fact as to whether administrative remedies were effectively unavailable. *See Ross v. Blake*, 578 U.S. 632, 638, 643-44 (2016) (explaining that an inmate must exhaust "such administrative remedies as are available" before bringing suit, and describing limited circumstances under which administrative remedies are effectively unavailable); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (explaining that exhaustion "demands compliance with an agency's deadlines and other critical procedural rules"); *Safari Club Int'l v. Haaland*, 31 F. 4th 1157, 1176-77 (9th Cir. 2022) (concluding that bare assertions unsupported by evidence in the record are insufficient to survive summary judgment).

The district court did not abuse its discretion in denying Rodriguez's motion for appointment of counsel because Rodriguez did not establish exceptional circumstances. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth standard of review and "exceptional circumstances" requirement).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009). We do not consider documents and facts not presented to the district court. *See United States*

*v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990).

**AFFIRMED.**